# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Criminal Action No. 12-104 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| FAHEEM JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Faheem Jackson's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (hereinafter "Motion," Doc. 388). The Government has filed a Response in Opposition (hereinafter "Response," Doc. 391), and Defendant's Motion is now ripe. For the reasons that follow, Defendant's Motion will be granted, and his term of imprisonment for the offense at Count 1s will be reduced from 84 months to 71 months.

## BACKGROUND

On May 22, 2014, Defendant pleaded guilty to two offenses in the Superseding Indictment filed against him: a lesser included offense at Count 1s, conspiracy to distribute 100 grams or more of heroin; and the offense at Count 3s, possession of a firearm in furtherance of a drug trafficking crime. (Change of Plea, Doc. 274.)

Defendant entered this plea pursuant to the terms of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Under this plea agreement, "the parties stipulate[d] and agree[d] that the appropriate sentence in this case [was] a term of imprisonment of 12 years, no fine, a term of supervised release of five years, and a special assessment of $200.00." (Plea Agreement dated April 30, 2014, on file with Court.) The parties' agreement referred to Section 2D1.1 of the United States Sentencing Guidelines (the "Guidelines") as the relevant provision

1

governing Defendant's sentence at Count 1s, and included a stipulation that between 100 and 400 grams of heroin were attributable to Defendant for purposes of that Section. The Court accepted the terms of the parties' agreement, and sentenced Defendant to 12 years' imprisonment on September 8, 2014; this sentence consisted of 84 months at Count 1s and 60 months consecutively at Count 3s. (Transcript of Sentencing Hearing 8, Doc. 346.) The Court imposed its sentence after calculating Defendant's base offense level for Count 1s under Section 2D1.1(c)(7) of the Guidelines[1] and after determining that Defendant's guideline range for this offense was 70 to 87 months' incarceration. (Id. at 6-7.)

Not long after Defendant was sentenced, an amended Section 2D1.1 became effective. The amendment, Amendment 782, decreased the base offense levels for drug offenses by two levels, and the Sentencing Commission elected to make this amendment retroactive. See, e.g., United States v. Bryant, No. 12-103, 2015 WL 6472635, at *1 (W.D. Pa. Oct. 26, 2015) (Bissoon, J.). Had this reduction been in effect when Defendant was originally sentenced, Defendant's applicable guideline range would have been 57 to 71 months' incarceration for the offense at Count 1s.[2]

On March 17, 2015, Defendant initially filed a *pro se* motion to reduce his sentence based on Amendment 782 (Doc. 320), which was superseded by a counseled motion on June 26, 2015 (Doc. 332). The Court denied Defendant's motion at that time based on United States v. Weatherspoon, 696 F.3d 416 (3d Cir. 2012). (Memorandum and Order 3-4, August 5, 2015,

---

[1] The Court's calculations used the Guidelines in effect as of November 1, 2013.
[2] Defendant's Motion states that Defendant's "lowered offense level corresponds with a guideline range of 60 to 71 months," (Motion 6), but this appears to be an error, as the Guideline Manual effective November 1, 2013 indicates that a criminal history category of IV and an offense level of 21 yield a range of 57-71 months' incarceration. U.S.S.G. Ch. 5 Pt. A (Nov. 1, 2013).

2

Doc. 334.) However, as the parties acknowledge, Weatherspoon has been overruled by Hughes v. United States, 138 S. Ct. 1765 (2018). As a result, it is undisputed that the Court has the authority to lower Defendant's sentence under 18 U.S.C. § 3582(c)(2). (See Response 3 ("The government agrees that this Court has the discretion to reduce the defendant's offense level by two-levels pursuant to Amendment 782.").)

Defendant argues that the factors this Court must consider under 18 U.S.C. § 3553(a) weigh in favor of a sentence of 68 months for the offense at Count 1s. (Motion 6.) Specifically, Defendant asks the Court to consider Defendant's age at the time of the offense (22 years old), the nature of Defendant's past convictions, and Defendant's characteristics as compared to those of other individuals who have benefitted from sentence reductions under Amendment 782. (Id. at 6-7.)

The Government opposes any reduction in sentence, arguing that Defendant received a significant benefit under his plea agreement (including the dismissal of charges that could have added 30 years to his prison term) and that the criminal activities underlying Defendant's convictions in this case were extremely serious. (Response 4.)

**ANALYSIS**

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. Accordingly, the Court has the authority to reduce a sentence if: (1) the sentence was "based on" the guideline range, (2) this range has "been lowered," and (3) a reduction would be "consistent" with the Sentencing Commission's policy statements. See United States v. Cruse,

2018 WL 5281679, at *2 (W.D. Pa. Oct. 24, 2018).  After determining that the Court has such authority, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and may reduce a sentence in its discretion.  Dillon v. United States, 560 U.S. 817, 827 (2010).

The Court has the authority to reduce Defendant's sentence.  In Hughes, the Supreme Court clarified that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement."  Hughes, 138 S. Ct. at 1775.  As stated above, it is clear that Section 2D1.1 was part of the framework the Court relied on in imposing a sentence, and it is also clear that Defendant's applicable guideline range for Count 1s has been lowered by Amendment 782.  There is no applicable statement that would render a reduction inconsistent with the policies of the Sentencing Commission.[3]  The remaining question is whether the factors under 18 U.S.C. § 3553(a) warrant a reduction.

The Court finds that a reduction is warranted.  As to the Government's argument concerning Defendant's benefit from the bargain struck by the parties, the Court "can consider the benefits the defendant gained by entering a Type-C agreement" as a factor in determining the size of a reduction.  Hughes, 138 S. Ct. at 1777.  Considering this factor, while Defendant very

---

[3] Application Note 1(B)(ii) to Section 1B1.10 requires the Court to consider any public safety concerns that would accompany a sentence reduction prior to determining if a reduction is appropriate.  Neither Defendant's Motion not the Government's Response addresses this issue directly.  Defendant's Motion notes that youthful offenders, like Defendant, generally exhibit "transient rashness, proclivity for risk, and inability to assess consequences," which are qualities that decline with age. (Motion 6 (quoting Miller v. Alabama, 132 S. Ct. 2455, 2465 (2012)).) The Government refers to the seriousness of Defendant's conduct prior to his incarceration— selling heroin and exchanging heroin for a firearm as part of regular gang activity—as a reason that a reduction is unwarranted. (Response 4.)  The Court has considered these arguments, and reviewed the conduct described in the Presentence Investigation Report (Doc. 279) to assess public safety concerns.  The Court finds that a reduction would not be inconsistent with Application Note 1(B)(ii) to Section 1B1.10.

likely gained significant benefits from entering into his plea agreement with the Government, the Court nonetheless concludes—based on the drug quantity stipulation in plea agreement, the agreement's approval by the Court, and the related calculations addressed at sentencing—that the guideline range was part of the overall bargain. In sum, the Court cannot say in this case that had the guideline range been lower, Defendant's stipulated sentence would not have been correspondingly lower.[4]

The Court thus concludes that, weighing all relevant factors, a reduction to 71 months at Count 1s is appropriate. This sentence is at the top end of the 57-71 months range, in recognition of the very serious nature of the offense in this case, as well as the very high sentence Defendant would have faced, but for the Government's plea offer.

Accordingly, Defendant's Motion (Doc. 388) will be granted and his sentence of imprisonment at Count 1s will be reduced to 71 months. All other provisions of the Court's original sentence, including Defendant's consecutive sentence of 60 months imprisonment at Count 3s, will remain in full force and effect.

An order implementing this reduction will follow.

---

[4] To be precise, the calculations under the 2013 Guidelines that would have been applicable to Defendant had Amendment 782 been in effect at the time of sentencing, see Section 1B1.10(b)(1), are as follows: Under Section 2D1.1(c)(7), Defendant's base offense level for the lesser included drug offense at Count 1s is 24. Pursuant to Section 3D1.1(b)(1), Defendant's firearms violation at Count 3s is not subject to grouping with the crime at Count 1s, and the Guideline sentence is governed by Section 5G1.2(a). As such, the firearm offense is excluded from the Guideline calculations for Count 1s. Defendant's offense level is lowered by three levels, to a total of 21, because of Defendant's acceptance of responsibility under Sections 3E1.1(a) and (b). Defendant's relevant criminal convictions compute to a criminal history score of 7, which results in a criminal history category of IV. According to the Sentencing Table at Chapter 5, Part A, a total offense level of 21 and a criminal history category of IV results in a guideline range of 57-71 incarceration. Additionally, pursuant to Section 5G1.2(a), the sentence to be imposed for the firearm charge at Count 3s is a statutory mandatory minimum term of imprisonment of 60 months, which must be served consecutively to any other term of imprisonment imposed.

March 1, 2019                                   s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record